# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **VIRGINIA KRUTA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **KEVIN JOHNSTON, Individually** | ) | |
| 44489 South Street | ) | Judge |
| St. Clairsville, Ohio 43950 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **STINGRAY ENERGY SERVICES, L.L.C.** | ) | **JURY DEMAND** |
| c/o Corporation Service Company | ) | **ENDORSED HEREON** |
| 50 West Broad Street, Suite 1330 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MAMMOTH ENERGY SERVICES, INC.** | ) | |
| **f/k/a, MAMMOTH ENERGY** | ) | |
| **PARTNERS, L.P.** | ) | |
| c/o Corporation Service Company | ) | |
| 50 West Broad Street, Suite 1330 | ) | |
| Columbus, Ohio 43215, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, VIRGINIA KRUTA, by and through her undersigned counsel of record, against Defendants, KEVIN JOHNSTON, Individually, STINGRAY ENERGY SERVICES, LLC, and MAMMOTH ENERGY SERVICES, INC., f/k/a MAMMOTH ENERGY PARTNERS, LP, and for her Complaint, states as follows:

**JURISDICTIONAL ALLEGATIONS**

1. Plaintiff, Virginia Kruta, is, and was at all times relevant, a citizen and domiciliary of the State of Illinois, residing in the City of Collinsville, in the State of Illinois.

2. Defendant, Kevin Johnston, is, and was at all times relevant, a citizen and domiciliary of the State of Ohio, upon information and belief to be residing at 44489 South Street, St. Clairsville, Ohio and is, and/or was at all times relevant, an employee, servant and/or agent of Defendants, Stingray Energy Services, L.L.C. and Mammoth Energy Service, Inc.

3. Defendant, Stingray Energy Services, L.L.C (hereinafter also referred to as "STINGRAY"), is, and was at all times relevant, a Delaware corporation with its principal place of business located at 42739 National Road, Belmont, Ohio, and is registered to and does business in the State of Ohio within this Court's jurisdictional limits and is or was the employer and/or principal of Defendant, Kevin Johnston.

4. Defendant, Mammoth Energy Services, Inc., formerly known as Mammoth Energy Partners, L.P. (hereinafter, also referred to as "MAMMOTH"), is, and was at all times relevant, a Delaware corporation with its principal place of business located in Oklahoma City, Oklahoma, and is licensed to do business and transacts business in the State of Ohio within this Court's jurisdictional limits and is or was the employer and/or principal of Defendant, Kevin Johnston.

5. Defendant, Mammoth Energy Services, Inc., is the parent corporation to Defendant, Stingray Energy Services, L.L.C.

6. That all Defendants being diverse from Plaintiff, pursuant to 28 U.S.C.A. §1332 (West 2020), and the amount in controversy exceeding the jurisdictional limits, this Court has diversity jurisdiction over this cause of action.

## COUNT I
## Negligence – JOHNSTON

COMES NOW Plaintiff, VIRGINIA KRUTA, by and through her undersigned counsel and for COUNT I of her Complaint against Defendant, KEVIN JOHNSTON, states as follows:

7. Plaintiff hereby incorporates and re-alleges paragraphs 1-6 of the Jurisdictional Allegations as and for paragraph 7 of Count I.

8. That on or about February 1, 2019, at approximately 9:51 a.m., Plaintiff was lawfully operating her motor vehicle, a 2011 Toyota Prius, in a westbound direction on Interstate Route 70 near milepost 210 in Belmont County, Ohio.

9. That on said date and time, Defendant, Kevin Johnston, was operating a motor vehicle, a 2013 Dodge Ram Truck, owned and/or controlled by his employer and/or principals, acting within the scope of his authority and during the course and scope of his employment, in a westbound direction on Interstate Route 70 near milepost 210 in Belmont County, Ohio.

10. That on said date and time and place, the weather conditions included significant snow, ice and other conditions creating obvious and hazardous conditions for travel.

11. That on said date and time, Defendant Johnston owed a duty to any and all motorists lawfully upon public roadways, including Plaintiff, to keep a careful lookout and to exercise ordinary care for the safety of all other motor vehicles lawfully on the roadway.

12. That on said date and time and place, Defendant Johnston, was traveling at an uncontrolled and excessive rate of speed for the conditions and did collide with the rear of Plaintiff's vehicle, forcing her vehicle to swerve off road and then did again strike Plaintiff's vehicle, causing additional damage.

13. That Defendant Johnston was issued a citation by Ohio State Police for violation of OH ST §4511.2, which states, in pertinent part:

    (A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

14. On said date, time and place, Defendant breached the aforementioned duty owed to Plaintiff by way of one or more of the following negligent and careless acts and/or omissions:

    a) Negligently and carelessly failed to keep a proper or any lookout for other motorists lawfully upon the aforementioned roadway;

    b) Negligently and carelessly failed to keep the vehicle being operated by Defendant under proper or any control so as to avoid injuries to all persons lawfully present upon the aforesaid roadway;

    c) Negligently and carelessly failed to operate the vehicle being operated by Defendant at a safe speed for the conditions then and there existing;

    d) Negligently and carelessly failed to reduce the speed of the vehicle being operated by Defendant in order to avoid an accident;

    e) Negligently and carelessly disobeyed lawful traffic control signs, signals, devices and/or traffic laws; and/or

    f) Otherwise negligently and carelessly failed to exercise ordinary care for the safety of others on the roadway, including Plaintiff.

15. That as a direct and proximate result of one or more of the aforementioned negligent and careless acts and/or omissions of the Defendant, Plaintiff was caused to suffer grievous injuries to, including, but not limited to, her low back and further made to suffer in one or more of the following ways:

    a) Plaintiff was made sick, sore, lame, and disordered and suffered extensive injuries, including, but not limited to, low back;

b) Plaintiff has experienced pain and suffering in the past and continues to experience pain and suffering at the present time and will so suffer in the future;

c) Plaintiff has become obligated for large sums of money for necessary medical care, treatment and services in the past and will be required to expend large sums of money to cure herself of injuries in the future;

d) Plaintiff has suffered disability and disfigurement and will so suffer in the future;

e) Plaintiff has suffered a loss of earning capacity and will continue to so suffer in the future; and/or

f) Plaintiff has suffered lost wages in the past and will so suffer in the future.

WHEREFORE, Plaintiff, VIRGINIA KRUTA, respectfully requests that judgment be entered in her favor by this Honorable Court against Defendant, KEVIN JOHNSTON, in a fair and just amount in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS and 00/100), and for any and all further relief deemed appropriate by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT II
### Respondeat Superior – STINGRAY

COMES NOW Plaintiff, VIRGINIA KRUTA, by and through her undersigned counsel and for COUNT II of her Complaint against Defendant, STINGRAY ENERGY SERVICES, LLC, states as follows:

16. Plaintiff hereby incorporates and re-alleges paragraphs 7-15 of Count I as and for paragraph 16 of Count II.

17. At all times relevant, the negligent actions by Defendant, Kevin Johnston, were undertaken during the course and scope of his employment and/or agency for Defendant, STINGRAY.

18. Defendant, Stingray, is vicariously liable for the negligent actions of its employee and/or agent, Defendant, Kevin Johnston, pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, VIRGINIA KRUTA, respectfully requests that judgment be entered in her favor by this Honorable Court against Defendant, STINGRAY ENERGY SERVICES, LLC, in a fair and just amount in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS and 00/100), and for any and all further relief deemed appropriate by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT III
### Respondeat Superior – MAMMOTH

COMES NOW Plaintiff, VIRGINIA KRUTA, by and through her undersigned counsel and for COUNT III of her Complaint against Defendant, MAMMOTH ENERGY SERVICES, INC., states as follows:

19. Plaintiff hereby incorporates and re-alleges paragraphs 7-15 of Count I as and for paragraph 19 of Count III.

20. At all times relevant, the negligent actions by Defendant, Kevin Johnston, were undertaken during the course and scope of his employment and/or agency for Defendant, MAMMOTH.

21. Defendant, Mammoth, as principal and parent company to Defendant, Stingray, is fundamentally indistinguishable from Stingray and is vicariously liable for the negligent actions of its employee and/or agent, Defendant, Kevin Johnston, pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, VIRGINIA KRUTA, respectfully requests that judgment be entered in her favor by this Honorable Court against Defendant, MAMMOTH ENERGY SERVICES, INC., in a fair and just amount in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS and 00/100), and for any and all further relief deemed appropriate by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/ Charles H. Cooper, Jr.
Charles H. Cooper, Jr.         (0037295)
chipc@cooperelliott.com
Cooper & Elliott, LLC
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (Facsimile)

Brian W. Burge (*pro hac vice* pending)
MEYERJENSEN, P.C.
2010 State Street
Alton, Illinois 62002
(618) 463-1004
(618) 463-0989 (Facsimile)
brian@meyerjensen.com

Attorneys for Plaintiff
Virginia Kruta

## JURY DEMAND

Plaintiff demands a trial by jury by the maximum number of jurors allowed by law on all issues so triable.

/s/ Charles H. Cooper, Jr.